```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


   JOHN F. ZIMMERMAN AND      :
   and MARY ZIMMERMAN, his    :
   wife,                      :
                              : No. 4:CV-05-202
           Plaintiffs         :
                              :
           v.                 : Complaint filed 1/28/05
                              :
   KAREN H. KING              : (Judge Muir)
                              :
           Defendant          :
```

<u>ORDER</u>
May 16, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The above-captioned case was filed as the result of Defendant's motor vehicle collision with the rear end of Plaintiffs' motor vehicle. The case is presently on the June, 2006, trial list.  A pretrial conference was held on May 1, 2006, at 11:15 a.m.,  at which time counsel for Defendant advised the court that the Defendant was not contesting liability and that the only issue for trial was the amount of damages Plaintiffs should be awarded to compensate them for the injury they sustained as the result of the automobile accident.

Pending before the court is Plaintiffs' motion to strike Defendant's answer and a brief in support thereof.  A brief in opposition was filed on May 10, 2006.  A reply brief is due on May 30, 2006.  We will not wait for a reply brief and will grant the motion to strike for the reasons outlined below.

This case was filed on January 28, 2005, and Defendant was served with the complaint on March 14, 2005.  Counsel entered

an appearance for the Defendant on March 21, 2005.  After Defendant failed to file an answer to the complaint within 20 days of service, Plaintiffs' counsel on May 26, 2005, sent correspondence to Defendant's counsel requesting that Defendant file an answer.  No answer was filed in response to that correspondence.

On April 25, 2006, Plaintiffs filed a pretrial memorandum in which they noted that Defendant had failed to file an answer to the complaint.  On April 25, 2006, immediately after receiving Plaintiffs' pretrial memorandum Defendant filed an answer to the complaint.  Defendants' answer was filed approximately 11 months after Plaintiffs' counsel requested by way of correspondence that Defendant file an answer. Prior to filing the untimely answer, Defendant did not seek leave of court to do so.  Although counsel for Defendant stated at the pretrial conference that Defendant conceded liability, the answer filed by Defendant appears to deny that this court has jurisdiction (see paragraph 4 of the complaint and the answer thereto) and certain aspects of liability (see paragraphs 9 and 19 and the answers thereto).

Plaintiffs in the complaint claim that Defendant was negligent.  In order to establish such a claim, Plaintiffs must prove that Defendant was negligent, i.e, Defendant breached a duty of care and that Plaintiffs suffered injury.  Injury is an essential element of the liability phase.  It appears that Defendant is denying that Defendant breached a duty of care (paragraph 19, subparagraphs (a) through (i) of the complaint and

the answer thereto) and that Plaintiffs suffered injury (see, e.g., paragraph 20 of the complaint and the answer thereto). There is no justification for Defendant's untimely filing of the answer to the complaint and we will strike it from the record.

Although we are striking the answer from the record, Defendant on May 10, 2006, filed a motion to file the answer nunc pro tunc and a three paragraph brief in support.  A brief in opposition is due on May 30, 2006.  If a brief in opposition is filed, Plaintiffs' reply brief will be due on June 16, 2006.

The brief filed by the Defendant is inadequate.  In light of the inadequate briefing, we will require Defendant to file a supplemental supporting brief and we will continue this case to the July, 2006, trial list.  The supplemental brief should address the issue of whether as a result of Defendant's failure to file a timely answer to the complaint we should deem the factual assertions set forth in the complaint as admitted by Defendant. If we would deem those assertions admitted, it appears that the amount of damages which would adequately compensate the Plaintiffs would still be a contested issue.   The amount of damages is the issue that we understood to be contested and the subject of the jury trial.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Plaintiffs' motion to strike Defendant's answer (Doc. 39) is granted as set forth below.

2.  Defendants' answer filed on April 25, 2006, without leave of court, is stricken from the record.

3.  On or before May 26, 2006, Defendant shall file a supplemental brief in support of the motion to file the answer nunc pro tunc. Subsequent briefing shall be in accordance with the Local Rules of Court.

4.  This case is placed on the July, 2006, trial list.


                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge


MM:gs